```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RICHARD OWENS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-4612 (JBS/AMD) |
| v. | |
| VOLUNTEERS OF AMERICA DELAWARE VALLEY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** Chief Judge:

   This matter is before the Court on Plaintiff's appeal [Docket Item 60] of the order of U.S. Magistrate Judge Donio denying without prejudice Plaintiff's second formal motion to appoint pro bono counsel [Docket Item 57]. Also currently pending before the Court is the motion of Defendants for summary judgment as to all claims by Plaintiff. [Docket Item 68.] THE COURT FINDS AS FOLLOWS:

   1. Plaintiff filed his initial Complaint in this matter on September 8, 2008, alleging that while he was on parole in a halfway house known as Hope Hall in Camden, New Jersey, in the Spring of 2008, he fell while getting out of the shower and suffered retaliation as a result of his complaints related to his fall. [Docket Item 1.] While living in Hope Hall, Plaintiff was participating in the Promise Program, run by Defendants Volunteers of America Delaware Valley ("VOADV"). The Promise

Program "is structured for returning offenders with mental illness."  Bosher Aff. ¶ 4, attached to Defs.' Motion for Summary Judgment.

2.  On April 20, 2011, this action was administratively terminated on the informal application of Defendants because Plaintiff had been transferred to a mental health facility and was unable to participate in discovery.  [Docket Items 39 & 40.]  Indeed, medical records indicate that Plaintiff was admitted to the Ann Klein Forensic Center, a mental health treatment facility, on November 30, 2010 and discharged on May 24, 2011.  Plaintiff notified the Court of his discharge on June 16, 2011, and the matter was thereafter reopened.  [Docket Items 42 & 43.]

3.  Plaintiff's medical discharge summary from the Ann Klein Forensic Center indicates that Plaintiff's most recent admission to the Center was the fourth time he had been admitted there.  He was civilly committed to the Center "on a screening commitment due to psychosis."  Plaintiff's Discharge Summary at 1.  The discharge summary indicates that he had been suffering from severe hallucinations and otherwise experiencing symptoms interfering with his ability to distinguish reality from hallucination.  He was prescribed several anti-psychotic drugs, which he was instructed to continue taking after his discharge from the Center.  Plaintiff reported to his medical professionals that a negative side effect of at least one of these medications

was that his thinking seemed "kind of slow." His current medications listed four different prescriptions for mental illness that he was to be taking twice daily.

4. Since being discharged, Plaintiff has requested the assistance of other inmates in the preparation of his filings with the Court. For example, his opposition to Defendants' motion for summary judgment was prepared and filed by an inmate by the name of Christopher Grossmick, who reported that he prepared the opposition on Plaintiff's behalf because Plaintiff requested his assistance.

5. During the course of this litigation, Plaintiff has formally applied for the appointment of pro bono counsel on two separate occasions. His most recent application was denied by Magistrate Judge Donio on December 22, 2011. [Docket Item 57.] In her order, Judge Donio reasonably evaluated Plaintiff's application under the factors of Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), concluding that the balance of the factors did not weigh in support of appointment of counsel at this time. Plaintiff's sole basis for appeal is that (the Court infers from his submissions) he lacks the competency to represent himself in this matter due to his mental illness.

6. After Plaintiff's most recent application for pro bono representation was denied, on March 30, 2012, the Third Circuit issued an opinion in Powell v. Symons, 680 F.3d 301 (3d Cir.

2012) that affects this Court's consideration of Plaintiff's appeal.  In <u>Powell v. Symons</u>, the Third Circuit held that, under Fed. R. Civ. P. 17(c)(2), the district court has a <u>sua sponte</u> duty to inquire into the competency of an unrepresented party under certain limited circumstances.  The court held that <u>sua sponte</u> review of competency is discretionary, but that it would be an abuse of discretion to grant summary judgment in a matter without first engaging in such review when the district court is presented with "verifiable evidence of incompetence."  <u>Id.</u> at 307.

    7.  The <u>Powell</u> court articulated two forms of verifiable evidence of incompetence that trigger the district court's duty to inquire: evidence of a court or public agency's adjudication of incompetence, or evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness "of the type that would render him or her legally incompetent." <u>Id.</u>

    8.  The Court applies this rule to the instant matter to conclude that it may be an abuse of discretion under Rule 17(c)(2) to decide Defendants' pending motion for summary judgment when the Court is on inquiry notice that the unrepresented Plaintiff in this matter may be incompetent.  In this case, Plaintiff may meet the second of the <u>Powell</u> criteria; there is evidence in the record from a mental health professional

(Plaintiff's Ann Klein Center Discharge Summary) demonstrating that Plaintiff has recently been treated (and is currently on prescription medication to treat) a mental illness that interferes with his ability to distinguish reality from hallucination.  While the Court does not here conclude that Plaintiff's mental illnesses are "of the type that would render him or her legally incompetent," the Court recognizes that they might.  Accordingly, under Powell, the Court cannot proceed to Defendants' motion for summary judgment without first either appointing counsel or determining that Plaintiff is competent.

9. Therefore, the Court will vacate the December 22, 2011 order denying Plaintiff's motion to appoint, and will grant Plaintiff's motion, concluding that after the guidance provided in Powell, appointment of pro bono counsel is appropriate in this matter pursuant to 28 U.S.C. § 1915(e).

10. Accordingly, the Court will deny Defendants' motion for summary judgment without prejudice to re-filing the motion after Plaintiff's counsel is appointed and the issue of Plaintiff's competency has been addressed.

11. Within two weeks of entering an appearance, Plaintiff's appointed counsel shall file with the Court a letter addressing whether the Court should conduct an evidentiary hearing regarding Plaintiff's competency and whether the Court should also appoint Plaintiff a guardian ad litem.

    12.    The accompanying order will be entered.

**July 30, 2012**                     **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge